**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF KANSAS**

DOUGLAS A. KLING,

    **Plaintiff,**

    v.                                **CASE NO. 16-3028-SAC-DJW**

SAM CLINE, JAYSON GARCIA,
SERGEANT SNEDEKER,

    **Defendants.**

**NOTICE AND ORDER TO SHOW CAUSE**

Plaintiff Douglas A. Kling is hereby required to show good cause, in writing, to the Honorable Sam A. Crow, United States District Judge, why Count II of Plaintiff's Complaint (Doc. 1) should not be dismissed due to the deficiencies that are discussed herein.

**I. Nature of the Matter before the Court**

Plaintiff brings this *pro se* civil rights action pursuant to 42 U.S.C. § 1983. Plaintiff filed a Complaint (Doc. 1), alleging the following. On March 26, 2014, Plaintiff was verbally assaulted by CO Garcia in the clinic's observation cell at Hutchinson Correctional Facility ("HCF"). When Plaintiff tried to secure a witness to the assault, CO Garcia wantonly and maliciously "physically attacked Plaintiff, repeatedly pushing, punching and pulling Plaintiff's hair, resulting in bruising, scrapes and a mass of hair being ripped from Plaintiff's scalp." (Doc. 1 at 2.) Plaintiff alleges that CO Garcia's actions were done with malicious intent, and caused Plaintiff to forfeit $26 worth of retail cart purchases and $61 in fundraiser purchases. On March 27, 2014, a disciplinary report was served on Plaintiff alleging battery and failure to obey orders. Plaintiff received a disciplinary conviction as a result of the incident, depriving him of $274 plus

the costs of an appeal. Of these charges, $179 was for restitution which was imposed without notice to Plaintiff. Plaintiff alleges that Defendant Snedeker was the hearing officer for CO Garcia's disciplinary report.

As Count I of his Complaint, Plaintiff claims CO Garcia violated his Eighth Amendment right to be free from cruel and unusual punishment. As Count II, Plaintiff claims that Warden Cline failed to properly train CO Garcia, which resulted in the attack on Plaintiff. As Count III, Plaintiff claims his Fourth and Fourteenth Amendment due process rights were violated when restitution was imposed without prior notice to Plaintiff. Plaintiff's request for relief includes actual and punitive damages.

## II. Statutory Screening of Prisoner Complaints

The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity or an officer or an employee of a governmental entity. 28 U.S.C. § 1915A(a). The Court must dismiss a complaint **or portion thereof** if a plaintiff has raised claims that are legally frivolous or malicious, that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1)–(2) (emphasis added).

"To state a claim under § 1983, a plaintiff must allege the violation of a right secured by the Constitution and laws of the United States, and must show that the alleged deprivation was committed by a person acting under color of state law." *West v. Atkins,* 487 U.S. 42, 48 (1988)(citations omitted); *Northington v. Jackson*, 973 F.2d 1518, 1523 (10th Cir. 1992). A court liberally construes a pro se complaint and applies "less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007). In addition, the court accepts all well-pleaded allegations in the complaint as true. *Anderson v. Blake*, 469 F.3d

910, 913 (10th Cir. 2006).  On the other hand, "when the allegations in a complaint, however true, could not raise a claim of entitlement to relief," dismissal is appropriate.  *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 558 (2007).

A pro se litigant's "conclusory allegations without supporting factual averments are insufficient to state a claim upon which relief can be based."  *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991).  "[A] plaintiff's obligation to provide the 'grounds' of his 'entitlement to relief' requires "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action."  *Twombly*, 550 U.S. at 555 (citations omitted).  The complaint's "factual allegations must be enough to raise a right to relief above the speculative level" and "to state a claim to relief that is plausible on its face."  *Id.* at 555, 570.

The Tenth Circuit Court of Appeals has explained "that, to state a claim in federal court, a complaint must explain what each defendant did to [the pro se plaintiff]; when the defendant did it; how the defendant's action harmed [the plaintiff]; and, what specific legal right the plaintiff believes the defendant violated."  *Nasious v. Two Unknown B.I.C.E. Agents*, 492 F.3d 1158, 1163 (10th Cir. 2007).  The court "will not supply additional factual allegations to round out a plaintiff's complaint or construct a legal theory on a plaintiff's behalf."  *Whitney v. New Mexico*, 113 F.3d 1170, 1173-74 (10th Cir. 1997) (citation omitted).

The Tenth Circuit has pointed out that the Supreme Court's decisions in *Twombly* and *Erickson* gave rise to a new standard of review for § 1915(e)(2)(B)(ii) dismissals.  *See Kay v. Bemis*, 500 F.3d 1214, 1218 (10th Cir. 2007)(citations omitted); *see also Smith v. United States*, 561 F.3d 1090, 1098 (10th Cir. 2009).  As a result, courts "look to the specific allegations in the complaint to determine whether they plausibly support a legal claim for relief."  *Kay*, 500 F.3d at 1218 (citation omitted).  Under this new standard, "a plaintiff must 'nudge his claims across the

line from conceivable to plausible.'" *Smith*, 561 F.3d at 1098 (citation omitted). "Plausible" in this context does not mean "likely to be true," but rather refers "to the scope of the allegations in a complaint: if they are so general that they encompass a wide swath of conduct, much of it innocent," then the plaintiff has not "nudged [his] claims across the line from conceivable to plausible." *Robbins v. Okla.*, 519 F.3d 1242, 1247 (10th Cir. 2008) (citing *Twombly*, 127 S. Ct. at 1974).

### III. DISCUSSION

#### *1. Count II: Failure to Train*

Plaintiff claims in Count II that Warden Cline failed to properly train CO Garcia, which resulted in the attack on Plaintiff. Plaintiff has not alleged that Warden Cline personally participated in the deprivation of his right to be free from cruel and unusual punishment. *See Fogarty v. Gallegos*, 523 F.3d 1147, 1162 (10th Cir. 2008) (noting that § 1983 does not recognize strict supervisor liability and "the defendant's role must be more than one of abstract authority over individuals who actually committed a constitutional violation.").

To impose § 1983 liability on officials for acts taken by their employees, a plaintiff must show that the employee committed a constitutional violation and that a policy or custom was "the moving force" behind the constitutional violation. *Myers v. Okla. Cty. Bd. of Cty. Comm'rs*, 151 F.3d 1313, 1318 (10th Cir. 1998) (citing *Monell v. Dep't of Soc. Servs.*, 436 U.S. 658, 694 (1978)). The Supreme Court has explained that it decided in *Monell* that "a municipality can be found liable under § 1983 only where the municipality *itself* causes the constitutional violation at issue," and "there are limited circumstances in which an allegation of a 'failure to train' can be the basis for liability under § 1983." *City of Canton, Ohio v. Harris*, 489 U.S. 378, 385–87 (1989).

Inadequate training may serve as the basis for § 1983 liability only where the failure to train constitutes deliberate indifference. *See id*. at 388 ("We hold today that the inadequacy of police training may serve as the basis for § 1983 liability only where the failure to train amounts to deliberate indifference to the rights of persons with whom the police come into contact."); *see also J.V. v. Albuquerque Pub. Sch*, 813 F.3d 1289, 1298 (10th Cir. 2016) (noting that courts addressing failure to train claims under § 1983 "require stringent proof to establish deliberate indifference"); *Schneider v. City of Grand Junction Police Dep't*, 717 F.3d 760, 770 (10th Cir. 2013) (including deliberately indifferent training or supervision in list of practices that may be deemed an official policy or custom for § 1983 municipal-liability purposes). The Supreme Court has held that a plaintiff must show "the need for more or different training is so obvious, and the inadequacy so likely to result in the violation of constitutional rights, that the policymakers of the city can reasonably be said to have been deliberately indifferent to the need." *J.V.*, 813 F.3d at 1298 (quoting *City of Canton*, 489 U.S. at 390).

"[E]stablished Tenth Circuit law precludes a plaintiff from relying solely on the constitutional violation to establish a failure-to-train or failure-to-supervise theory of liability." *Hover v. United Gov't of Wyandotte Cty.*, No. 14-2410-JWL, 2015 WL 1756830, at *8 (D. Kan. April 17, 2015) (citing *Lewis v. McKinley Cty. Bd. of Cty. Commr's*, 425 F. App'x 723, 726 (10th Cir. 2011) (allegation that officer was "obviously ill-trained" in light of alleged violation did not state a claim against municipality); *Hook v. Regents of Univ. of Cal.*, 394 F. App'x 522, 536 (10th Cir. 2010) (to establish supervisor's liability under 1983, plaintiff must show more than constitutional violation by supervisor's subordinate)).

Plaintiff relies solely on his allegation of a constitutional violation, and his bare reference to a failure to train is conclusory and lacks any supporting facts. Therefore, Plaintiff's failure to

train claim against Warden Cline in Count II is subject to dismissal. *See Dorf v. Bjorklund*, 531 F. App'x 836, 837 (10th Cir. 2013) (conclusory allegations concerning supervisory liability under failure-to-train and failure-to-supervise theories were properly dismissed).

## VI. Response and/or Amended Complaint Required

For the reasons stated herein, it appears that Count II is subject to dismissal for failure to state a claim. Plaintiff is therefore required to show good cause why Count II of his Complaint (Doc. 1) should not be dismissed for the reasons stated herein. The failure to file a timely, specific response waives de novo review by the District Judge, *see Thomas v. Arn*, 474 U.S. 140, 148-53 (1985), and also waives appellate review of both factual and legal questions. *Makin v. Colo. Dept. of Corr.*, 183 F.3d 1205, 1210 (10th Cir. 1999).

Plaintiff is also given the opportunity to file a complete and proper Amended Complaint upon court-approved forms that cures all the deficiencies discussed herein.[1] Plaintiff is given time to file a complete and proper Amended Complaint in which he (1) shows he has exhausted administrative remedies for all claims alleged; (2) raises only properly joined claims and defendants; (3) alleges sufficient facts to state a claim for a federal constitutional violation and show a cause of action in federal court, and (4) alleges sufficient facts to show personal participation by each named defendant. If Plaintiff does not file an Amended Complaint within

---

[1] In order to add claims, significant factual allegations, or change defendants, a plaintiff must submit a complete Amended Complaint. *See* Fed. R. Civ. P. 15. An Amended Complaint is not simply an addendum to the original complaint, and instead completely supersedes it. Therefore, any claims or allegations not included in the Amended Complaint are no longer before the court. It follows that a plaintiff may not simply refer to an earlier pleading, and the Amended Complaint must contain all allegations and claims that a plaintiff intends to pursue in the action, including those to be retained from the original complaint. Plaintiff must write the number of this case (16-3028-SAC-DJW) at the top of the first page of his Amended Complaint and he must name every defendant in the caption of the Amended Complaint. *See* Fed. R. Civ. P. 10(a). Plaintiff should also refer to each defendant again in the body of the complaint, where he must allege facts describing the unconstitutional acts taken by each defendant including dates, locations, and circumstances. Plaintiff must allege sufficient additional facts to show a federal constitutional violation.

the prescribed time that cures all the deficiencies discussed herein, this matter will be decided based upon the current deficient Complaint.

**IT IS THEREFORE ORDERED BY THE COURT** that Plaintiff is granted **thirty (30) days** in which to show good cause, in writing, to the Honorable Sam A. Crow, United States District Judge, why Count II of Plaintiff's Complaint (Doc. 1) should not be dismissed for the reasons stated herein.

**IT IS FURTHER ORDERED** that within the same thirty-day period Plaintiff may file a complete and proper Amended Complaint to cure all the deficiencies discussed herein.

The clerk is directed to send 1983 forms and instructions to Plaintiff.

**IT IS SO ORDERED**.

Dated in Kansas City, Kansas on this 27th day of July, 2016.

**s/ David J. Waxse**

**David J. Waxse**
**U. S. Magistrate Judge**

7