IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

DOUGLAS A. KLING,

    Plaintiff,

v.

JAYSON GARCIA and LOREN SNEDEKER,

    Defendants.

Case No. 16-3028

## MEMORANDUM & ORDER

This matter comes before the court upon plaintiff Douglas A. Kling's Motion for Relief from Judgment (Doc. 49). Plaintiff seeks relief from the court's Memorandum and Order (Doc. 37), granting summary judgment for defendants Jayson Garcia and Loren Snedeker. Defendants oppose plaintiff's motion for relief. For the reasons explained below, plaintiff's motion is denied.

**II.    Legal Standards**

    **A.    Pro Se Litigants**

Where a plaintiff proceeds pro se, the court construes his filings liberally and holds them to less stringent standards than pleadings filed by lawyers. *Barnett v. Corr. Corp of Am.*, 441 F. App'x 600, 601 (10th Cir. 2011). Pro se plaintiffs are nevertheless required to follow the Federal and Local Rules of practice and the court does not assume the role of advocating for plaintiff. *United States v. Porath*, 553 F. App'x 802, 803 (10th Cir. 2014).

    **B.    Fed. R. Civ. P. 60(b) Motions**

Rule 60(b) provides that the court may relieve a party from a final order for various reasons. Plaintiff is seeking relief under 60(b)(1)–(4) and (6). These sections provide for relief when the court finds that there has been:

-1-

(1) mistake, inadvertence, surprise, or excusable neglect;
(2) newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b);
(3) fraud (whether previously called intrinsic or extrinsic), misrepresentation, or misconduct by an opposing party;
(4) the judgment is void; . . .
(5) any other reason that justifies relief.

Relief under Rule 60(b) is "extraordinary and may only be granted in exceptional circumstances." *Allender v. Raytheon Aircraft Co.*, 439 F.3d 1236, 1242 (10th Cir. 2006) (quoting *Cashner v. Freedom Stores, Inc.*, 98 F.3d 572, 756 (10th Cir. 1996)). A 60(b) motion is not an opportunity for a party to reargue the facts or the law or "to challenge the correctness of the district court's judgment by arguing that the district court misapplied the law or misunderstood their position." *Van Skiver v. United States*, 952 F.2d 1241, 1244 (10th Cir. 1991). However, the court does have the equitable power to do justice in a case by correcting an error of law. *Id.* Motions under Rule 60(b) must be made "within a reasonable time" and for many reasons no more than a year after the order was entered. Fed. R. Civ. P. 60(c)(1).

**II. Discussion**

Plaintiff claims that on June 26, 2018, the Kansas Department of Corrections ("KDOC") gave him a copy of the *Martinez* report, including the video of plaintiff's March 26, 2014 interaction with defendant Graves. Plaintiff claims the video is fake or was altered and that other altered videos of the March 26, 2014 incident also exist. Plaintiff states that he saw one version at his trial and that an attached Kansas Court of Appeals decision is evidence of at least one other version.

Plaintiff details various injustices that he feels he endured since the very beginning of his case: lost transcripts; misleading sworn statements; missed hearings due to his custodians' misconduct; and the suppression of the true and unaltered evidence in the form of the video.

Plaintiff's briefing suggests no reason why the court's judgment is void and he provides no reasonable argument for newly discovered evidence. The *Martinez* report plaintiff claims was given to him along with the video of the March 26, 2014 incident in June of 2018 have been a part of the record since December 28, 2016. Likewise, the court finds no reasonable argument in favor of mistake, inadvertence, surprise, or excusable neglect.

Plaintiff's discussion of altered video evidence could either support an argument of misconduct by the opposing party or for relief based on any other justified reason. But the court again finds that plaintiff's evidence and argument do not support relief. There is no credible evidence that the video was altered, or that plaintiff only discovered this basis for relief after the court entered its memorandum entering judgment in defendants' favor. As stated above, 60(b) motions are only granted in exceptional circumstances and are generally not an opportunity for a losing party to relitigate old arguments, address old grievances, or to raise new arguments or evidence that could have been considered by the court in its prior ruling. Plaintiff's motion is denied.

**IT IS THEREFORE ORDERED** that plaintiff Douglas A. Kling's Motion for Relief from Judgment (Doc. 49) is denied.

Dated August 17, 2018, at Kansas City, Kansas.

> s/ Carlos Murguia
> **CARLOS MURGUIA**
> **United States District Judge**